IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**LINDA W. SMITH**                                                                   **PLAINTIFF**

v.                                                                   CIVIL ACTION NO. 2:25-cv-43-LG-BWR

**DOLGENCORP, LLC**                                                                   **DEFENDANT**

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Plaintiff Linda W. Smith ("Smith") filed this premises liability action against Defendant, Dolgencorp, LLC ("Dolgencorp") in the Circuit Court of Covington County, Mississippi on February 24, 2025, seeking damages related to a fall at a local Dollar General store.[1]   Dolgencorp removed the action to this Court on August 3, 2025. *See* Notice of Removal [1].   Dolgencorp has now filed a Motion for Summary Judgment [18].   In the Motion Dolgencorp alleges that it is untitled to judgment as a matter of law on Plaintiff's premises liability claim.

### BACKGROUND

On February 16, 2024, Smith entered a Dollar General store in Collins, Mississippi.   While there, she attempted to grasp a pot pie from a cooler.   As she depicted in her Answers to Interrogatories:

> The one she reached for was in the very back left side of the cooler on the second-from-the-top shelf of the freezer. Because she is only 5'4" tall, she could not reach the pot pie so she got a fly swatter and tried to pull the pot pie forward, but it got stuck. Since Smith still could not reach it, she opened the door to the freezer again and stepped on the bottom of the freezer door frame to get to the pot pie. Smith's right ankle turned over as she reached to grab the pot pie with her left hand

---

[1] Plaintiff initially sued Dollar General Corporation but the correct defendant was substituted on April 11, 2025. *See* Agreed Order [5].

while holding on to a lower shelf with her right hand. The sharp pain shocked her, and she could not hold on any longer with her right hand. She tried stepping down with her left foot but it slipped when it touched the floor. She fell backwards, landing on her hip and lower back and eventually hitting her head on the floor.[18-1] at 4 (Ans. to #8).

Smith originally alleged that the "design of the cooler and shelving, along with the maintenance and placement of the stock therein, along with a customer's ability to access the stock therein, is inherently dangerous and thus the Defendant knew or should have known of the dangerous conditions." [1-1] at 2.   In answers to interrogatories, however, Smith explained that the problem was more with the location of the pot pie than the cooler. [18-1] at 5 (Ans. to #9). She goes on to state that the pot pie was on the far-left side on the very back of the shelf that was too high for her to reach. "If the products had been properly "faced," she would have been able to reach her selection without incident because she "could have reached the chicken pot pie of [her] choice." *Id*.

## DISCUSSION

Rule 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).   The movant bears the initial burden of pointing out to the Court that there is no genuine dispute as to any material fact. *Celotex Corp. v. Catrett*, 477 US. 317, 323, 325 (1986).   The movant can meet this burden by pointing to the absence of evidence supporting one or more essential elements of the nonmoving party's claim, "since a complete failure of proof concerning an essential element of the nonmoving party's

case necessarily renders all other facts immaterial." *Id*. at 323; *see also Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 913 (5th Cir. 1992).

Once the movant has carried this burden, the nonmoving party must identify evidence in the record that creates a genuine dispute as to each of the challenged elements of its case. *Celotex*, 477 U.S. at 324. If the evidence identified could not lead a rational trier of fact to find in favor of the nonmoving party as to each essential element of the nonmoving party's case, there is no genuine dispute for trial, and summary judgment is appropriate. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 597 (1986). Summary judgment is mandatory "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Brown v. Offshore Specialty Fabricators, Inc.,* 663 F.3d 759, 766 (5th Cir. 2011) (quoting *Celotex*, 477 U.S. at 322).

"[P]remises liability is a theory of negligence that establishes the duty owed to someone injured on a landowner's premises as a result of 'conditions or activities' on the land . . . ." *See Benson v. Rather*, 211 So. 3d 748, 752 (Miss. Ct. App. 2016) (quoting *Doe v. Jameson Inn, Inc.*, 56 So. 3d 549, 553 (Miss. 2011)). "In a premises-liability case, 'the plaintiff must prove the familiar elements of duty, breach of duty, proximate cause, and damages[.]'" *Hartford v. Beau Rivage Resorts, Inc.*, 179 So. 3d 89, 91 (Miss. Ct. App. 2015) (quoting *McCullar v. Boyd Tunica, Inc.*, 50 So. 3d 1009, 1011 (¶ 11) (Miss. Ct. App. 2010)). The duty owed depends on the status of the injured party, i.e., whether they were a trespasser, an invitee, or a licensee at the

time of the injury. *Benson*, 211 So. 3d at 752.

Here, it is undisputed that Smith was a business invitee. As such, Dolgencorp owed her a duty of reasonable care for her safety on its premises. *See Wal-Mart Stores, Inc. v. Littleton*, 822 So. 2d 1056, 1058 (Miss. Ct. App. 2002). In other words, the duty owed to Smith required Dolgencorp to "exercise reasonable or ordinary care to keep the premises in a reasonably safe condition or to warn of dangerous conditions not readily apparent, which the owner knows of, or should know of, in the exercise of reasonable care." *Hartford*, 179 So. 3d at 91 (citation omitted) (quotation marks omitted). Under Mississippi law, "[t]he existence of a duty is a question of law." *Walton v. City of Verona*, 82 F.4th 314, 323 (5th Cir. 2023) (quoting *Pritchard v. Von Houten*, 960 So. 2d 568, 579 (Miss. Ct. App. 2007)). However, "the occurrence of a fall [] within a business is insufficient to show negligence on the part of the proprietor." *Walker v. Cellular South, Inc.*, 309 So. 3d 16, 25 (Miss. Ct. App. 2020).

"In every premises-liability case, the plaintiff must show that a dangerous condition exists." *Hartford*, 179 So. 3d at 91. "The plaintiff must also show: (1) a negligent act by the defendant caused the dangerous condition; or (2) the defendant had actual knowledge of the dangerous condition but failed to warn the plaintiff; or (3) the dangerous condition remained long enough to provide the defendant with constructive knowledge." *McCullar v. Boyd Tunica, Inc.*, 50 So. 3d 1009, 1012 (Miss. Ct. App. 2010) (citing *Jacox v. Circus Circus Miss., Inc.*, 908 So. 2d 181, 184–85 (¶ 7) (Miss. Ct. App. 2005)).

Dolgencorp argues that the cooler, the shelf inside the cooler, and the placement of the pot pie on the shelf are not dangerous conditions, and Dolgencorp owed no legal duty to place to pot pie elsewhere. Significantly, Dolgencorp points to the lack of any evidence that the cooler or the shelf inside was dangerous at the time of the incident, relying on Smith's answer to interrogatory #9 that the dangerous condition was not the cooler itself but the location of the pot pie. Consequently, Dolgencorp suggests that the fact that the location of the pot pie Smith desired was out of reach cannot alone constitute a dangerous condition and that Smith has produced no legal support for such a proposition. In addition, Dolgencorp argues that Smith cannot establish that Dolgencorp owed a duty to keep its products (after selection by the customer) at the front of shelves within their easy reach.

Smith filed a one-page, three-paragraph response to Dolgencorp's Motion. *See* [24]. In her response, Smith admits that she reached into the cooler to obtain a pot pie that she could not reach, and in so doing, she slipped and fell. [24] at ¶1. She denies that Dolgencorp is entitled to summary judgment. *Id.* at ¶ 2. Smith claims the exhibits speak for themselves, but challenges Dolgencorp's statement of Smith's position, as she now claims in conclusory fashion that Dolgencorp "was negligent in maintaining its store and the products it was offering for sale." *Id.* at ¶ 3.

Smith cannot simply rely on the allegations of her complaint. *See Nat'l Ass'n of Gov't Employees v. City Publ. Svc. Bd.*, 40 F3d 698, 713 (5th Cir. 1994). The only established facts come primarily from her own allegations and answers to

5

interrogatories. Consequently, Smith cites to no record evidence that tends to dispute the facts relied on in Defendant's Motion. *See* Fed. R. Civ. P. 56(c)(1)(A).[2] Based upon the undisputed facts, Smith has failed to establish the existence of a "dangerous condition" other than the condition created by her own lack of prudence. In addition, Smith has failed to establish that Dolgencorp had a duty under Mississippi Law to continually keep products stocked on cooler shelves within reach of person of short stature.

Finally, Smith claims the motion is premature because discovery has not been completed, and she seeks the deposition of the Dollar General employee that was on duty the day of the incident. Without a viable legal basis for her claims and upon the basis of the undisputed facts, no amount of discovery will render a different outcome.[3]

---

[2] This portion of Rule 56 requires that a party asserting that a fact is genuinely in dispute must support that assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A).

[3] Smith's statement alone that the motion is "premature" is not sufficient under Rule 56 to delay the grant of summary judgment. If Smith believed that discovery was necessary, she was required to show by affidavit/declaration "that, for specified reasons, [she] cannot present facts essential to justify [her] opposition." Fed. R. Civ. P. 56(d).

**IT IS THEREFORE ORDERED AND ADJUDGED** that Dolgencorp's [18] Motion for Summary Judgment is **GRANTED**.

**SO ORDERED AND ADJUDGED** this the 25th day of November, 2025.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE